IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LUKIS JOSEPH CRUZ,

      Plaintiff,

v.                                                                                              No. 18cv655 KG/CG

AUDREY LYNN MOREY and
STATE OF NEW MEXICO,

      Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

THIS MATTER comes before the Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees of Costs, Doc. 2, filed July 18, 2018 ("Application"), and on Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed July 18, 2018 ("Complaint").

**Application to Proceed *in forma pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed *in forma pauperis* ] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I.*

*DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court will grant Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating he is unable to pay the costs of these proceedings and provided the following information: (i) Except for the past week, Plaintiff has been unemployed during the past two years; (ii) Plaintiff's average income during the past 12 months was $192.00 in public assistance; and (iii) Plaintiff is homeless. The Court finds that Plaintiff is unable to pay the costs of this proceeding because he has been unemployed for most of the past two years and is homeless, and because of his low monthly income.

**Dismissal of Proceedings *In Forma Pauperis***

Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915. The statute governing proceedings *in forma pauperis* states "the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious; ... fails to state a claim on which relief may be granted; ... or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

Plaintiff filed his Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983." Plaintiff states the background of his case as follows:

> My complaint . . . applies to the murder of Khaleb Cruz and the use of official documents to lie and slander placing the Plaintiff under prejudicial light. In essence, the State of NM and Audrey Morey acted together to destroy the life-reputation of Lukis Cruz the Plaintiff while also covering the murder of Khaleb J. Cruz from the Plaintiff.

Complaint at 2. Where the form Complaint prompts Plaintiff to identify the constitutional rights, privileges or immunities that have been violated, Plaintiff wrote: "Through causation, Audrey Morey (Defendant) and State of NM have both destroyed the professional and monetary life of the Plaintiff." Complaint at 3. Plaintiff also appears to assert claims for slander, conspiracy and fraud. *See* Complaint at 3.

Section 1983 only authorizes suits against persons acting under color of state law. *See McCarty v. Gilchrist*, 646 F.3d 1281, 1285 (10th Cir. 2011) ("Section 1983 provides a federal civil remedy for the deprivation of any rights, privileges, or immunities secured by the Constitution by any person acting under color of state law"). The "state action doctrine requires that the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible and the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Stone v. Elohim, Inc.*, 336 Fed.Appx. 841, 842 (10th Cir. 2009) (quoting *Lugar v. Edmondson Oil Co., Inc.,* 457 U.S. 922, 937 (1982)). "Private persons may be said to act under color of state law if they are jointly engaged with state officials in the challenged action . . . But private conduct that is not fairly attributable to the State is simply not actionable under § 1983, however discriminatory or wrongful the conduct is." *Hall v. Witteman*, 584 F.3d 859, 864 (10th Cir. 2009). A plaintiff can state a cognizable § 1983 claim against private citizens if he adequately alleges that the private citizen defendants conspired with the state actors to violate his federal rights. *See Beedle v. Wilson*, 422 F.3d 1059, 1073 (10th Cir. 2005). "[W]hen a plaintiff attempts to assert the state action required for a § 1983 claim against private actors based on a conspiracy with government actors, 'mere conclusory allegations with no supporting factual

averments are insufficient,' [instead] the plaintiff must specifically plead "facts tending to show agreement and concerted action." *Id.*

The Court will dismiss the Section 1983 civil rights claims against Defendant Morey without prejudice for failure to state a claim. Plaintiff does not allege that Defendant Morey is a state actor. Where the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" asks "At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law?", Plaintiff indicated "No." Complaint at 1. Although Plaintiff alleges "the State of NM and Audrey Morey acted together to destroy the life-reputation of [Plaintiff]," and refers to a conspiracy, Plaintiff has not pled specific facts tending to show agreement and concerted action between Defendant Morey and the State of New Mexico. Furthermore, Plaintiff has not alleged any deprivation of his civil rights. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated").

The Court will dismiss the claims against the State of New Mexico for lack of subject-matter jurisdiction. "With certain limited exceptions, the Eleventh Amendment prohibits a citizen from filing suit against a state in federal court." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). There are "two primary circumstances in which a citizen may sue a state without offending Eleventh Amendment immunity. Congress may abrogate a state's Eleventh Amendment immunity . . . [or a] state may . . . waive its Eleventh Amendment immunity and consent to be sued." *Id.* at 1181. Neither exception applies in this case. "First, the United States Supreme Court has previously held that Congress did not abrogate states' Eleventh Amendment

immunity when it enacted 42 U.S.C. § 1983." *Id.* (*citing Quern v. Jordan,* 440 U.S. 332, 345 (1979)). Second, Plaintiff does not allege in his complaint that the State of New Mexico waived its Eleventh Amendment immunity in this case. The Court therefore dismisses the claims against the State of New Mexico without prejudice for lack of jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1218 (10th Cir.2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.").

Because it has dismissed all of Plaintiff's federal law claims, the Court declines to exercise jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction . . . if . . . the district court has dismissed all claims over which it has original jurisdiction"). Having disposed of all of Plaintiff's claims, the Court will dismiss this case without prejudice.

IT IS ORDERED that:

1. Plaintiff's Application to Proceed in District Court Without Prepaying Fees of Costs, Doc. 2, filed July 18, 2018, is GRANTED.

2. This case is DISMISSED without prejudice.

_____
UNITED STATES DISTRICT JUDGE